BROWN, Chief Judge,
concurring and dissenting.
IU agree with affirming defendant’s conviction but see no point in vacating the *313 sentence and remanding for further proceedings. The majority opinion states, “[Hjence, under ‘or any combination of such crimes,’ Spano was at least a third felony habitual offender earning a sentence of life imprisonment without benefits as per La. R.S. 15:529.1(A)(l)(b)(ii).” Whether a third or fourth felony offender, a mandatory life sentence is prescribed.
The mandatory minimum punishments provided for by the multiple offender statute are presumed constitutional. Where there is a mandatory sentence under a statute that is constitutional, there is no need for the trial court to justify, under article 894.1, a sentence it is legally required to impose. State v. Koon, 31,177 (La.App. 2d Cir.02/24/99), 730 So.2d 503; State v. Rose, 606 So.2d 845 (La.App. 2d Cir.1992). A life sentence was given to Spano by the trial court. The majority has found that Spano is at least a third felony offender and subject to a mandatory life sentence. We should simply affirm the life sentence imposed.